IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jamel Demorcy a/k/a Jamel Alexander Demorcy, ) | C/A No. 8:13-cv-01867-JFA-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Respondent's motion to strike portions of the Petition and motion for summary judgment. [Docs. 15, 16.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on July 5, 2013.[1] [Doc. 1.] On September 9, 2013, Respondent filed a motion to strike portions of the Petition, a motion for summary judgment, and a return and memorandum to the Petition. [Docs. 14, 15, 16.] On September 10, 2013, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 17.] On October 30, 2013, Petitioner filed a response in opposition. [Doc. 25.]

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on July 5, 2013. [Doc. 1-3 (envelope stamped as received by the prison mail room on July 5, 2013).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Perry Correctional Institution pursuant to orders of commitment of the York County Clerk of Court. [Doc. 1 at 1.] On December 6, 2002, represented by David Guyton ("Guyton"), Petitioner entered a guilty plea on three indictments—two counts of assault and battery with intent to kill and one count of possession of a pistol by a person under the age of twenty-one. [App. 2–15.[2]] As part of the plea negotiations, the State agreed to dismiss several other charges. [App. 2.] Petitioner was sentenced to twenty years on each count of assault and battery with intent to kill and five years on the count of possession of a pistol by a person under the age of twenty-one, all sentences to run concurrent. [App. 13–14.] On December 18, 2002, Petitioner moved to reconsider his sentence. [App. 95; *see* App. 100.] The motion to reconsider was denied, and Guyton was relieved as counsel. [*See* App. 83.[3]] No direct appeal was filed.

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on May 21, 2003. [App. 16–20.] Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

---

[2] The Appendix can be found at Docket Entry Number 14-6.

[3] The record before this Court does not include an order or transcript from the hearing regarding the motion to reconsider and motion to be relieved; however, the transcript from the Post Conviction Relief hearing indicates that the motion to reconsider was denied and the motion to be relieved was granted.

2

- At[t]orney failure to investigate the issues regarding my case, the State['s] evidence

- Defected indictments, warrants were unprocessed "not signed by a[] judge"

- Ineffective assistance of counsel - U.S.C.A. Const. Violation Att[orney] failure to inform me of my rights to a tr[ia]l. The search or seizure is to be corroborated by S.C. Code. Ann. § 17-13-50 which requires oath to support the reliability of the officer and to corroborate the officer's information.

[App. 17.[4]]  The State filed a return on March 29, 2004.  [App. 29–33]

A hearing was held on September 13, 2004, and Petitioner was represented at the hearing by John Freeman ("Freeman"). [App. 34–94.] At the end of the hearing, the PCR court issued a preliminary oral order denying relief and allowing Petitioner a belated appeal. [App. 92.] On April 7, 2005, the PCR court filed an order of dismissal, denying and dismissing the PCR application with prejudice but granting Petitioner a belated direct appeal pursuant to *White v. State*[5] and directing Petitioner's counsel to "secure the appropriate review of [Petitioner's] convictions" within thirty days. [App. 114–20.]

Petitioner, represented by Robert M. Pachak ("Pachak") of the South Carolina Office of Appellate Defense, filed a petition for writ of certiorari in the South Carolina Supreme Court on September 21, 2005, raising the following issue:

---

[4] These grounds are quoted substantially verbatim from the PCR application; however, because it appears Petitioner included multiple grounds on the same line and also stated new grounds in the supporting facts section, the Court has construed the PCR application as alleging these specific grounds.

[5] In *White v. State*, the South Carolina Supreme Court held that if the PCR court determines that the applicant never voluntarily and intelligently waived his right to appeal, on appeal of the PCR court's decision, the South Carolina Supreme Court will review the trial record as if a direct appeal had been timely perfected to determine if there was reversible error. 208 S.E.2d 35, 39–40 (S.C. 1974).

3

> Whether there was any evidence to uphold the PCR judge's findings that petitioner was entitled to a belated appeal of his guilty plea?

[Doc. 14-1 at 3.] Also on September 21, 2005, Pachak filed an *Anders* brief[6] of appellant pursuant to *White v. State*, raising the following issue:

> Whether appellant's guilty plea complied with the mandates set forth in *Boykin v. Alabama*?

[Doc. 14-2 at 4.] At the same time he filed the *Anders* brief, Pachak submitted a petition to be relieved as counsel. [*Id.* at 8.] The State filed a return to the petition for writ of certiorari on January 4, 2006, conceding that a direct appeal pursuant to *White v. State* is appropriate. [Doc. 14-3.]

On October 27, 2006, the South Carolina Court of Appeals filed an opinion dismissing the Petition except as to the *White v. State* belated appeal and, following its review of the direct appeal issues, affirmed Petitioner's convictions and sentences. [Doc. 14-4.] Remittitur was issued on November 14, 2006. [Doc. 14-5.]

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on July 5, 2013. [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

> **GROUND ONE:**    Ineffective Assistance of Counsel via Lawyer.
>
> *Supporting facts*:    The lawyer did not have a legal degree to practice law. They did not bring forth my motion of discovery. They did not [e]nlighten to why being one who is legally allowed to carry arms. So why or how could I be

---

[6] A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

4

convicted of such crime. My case was not overseen correctly by the judge sentence. Know grounds of evidence to sup[p]ort my cases judg[]ments. Know witness of any kind of a viable points to state such allegation of criminal actions. . . .

I was served illegal warrants via someone who was not legally a officer of the law. He hade know write as a person to arrest me & cause my life major problems. I been place in prison because of these fake officers who license to conduct or make judg[]ment in such grounds. Lawyers name was David Guyton, but he lied to the courts when his real name is David Barnwell. All my files say David Guyton Attorney at Law. Anything by the courts has such false name even at my first court viewing or review. The officer who has the arrest sup[p]ose to be a licensed officer via degree & police training. When I had a license and still do. The officer Jenkins RN as stated on warrant dose not have a right to make an arrest on a person who has not violated my right or the law. I was charged with 3 charges which got drop[p]ed in the courts, plea warrants H-285618, H28561, H-285620. Even the prosecuting attorney Jennifer Scolton, was a lying person who's real name been Davis & they're education dose not make them on level[] to be such prosecutor. Same gose for the officer. I stated these matter but been neglected my rights & was told to write it down. I did such befor[e] the courts. Same gose for the officer or detective Eddie Straight (Straight) he charged me on a case which there must been victims who hade been caught in some thing. Which been in a shooting case know case evidence to sup[p]ort the case & the warrants all wrong! With addressing & place of such crime happening. These people are a factor of lies & there history is of my life which they neglected via rights. My guess is many people been put in such problems. I'm currently undergoing a great deal of major issues. With my order of release & wish to be brought to the courts. Basically to address my issues live befor[e] the courts. I have many other grounds I can raise in the courts & wish to do such via the courts & I may need time to additionally aplie more to case. Once my other reques[t] for forms or necessary pap[]er work be sent in.

| | |
|---|---|
| **GROUND TWO:** | I have placed in my motions, post convictions & appeals my lawyer David Guyton & the DA Mike Lesley did not have a degree. |
| *Supporting facts*: | My attorney & lawyer David Guyton did not have a degree for law nor any other one at all!! Same for the District Attorney Mike Lesley. They both are currently imprisoned and they have not gotten out & for the most part they have to do time & dose not have a degree at all. Maybe working to get a degree. |
| **GROUND THREE:** | Ineffective assistance of counsel via legal law degree they never had. |
| *Supporting facts*: | They never got a degree let alone d[i]ploma from high school. Not even a GED. I did not get to state all this in my first one & did with next do to mistakes. Same with Dan Aswell as the court set lawyer. My latter paid lawyer name is David Alexander. |
| **GROUND FOUR:** | Warrants nonvalid, inef[f]ected assistance of counsel, subject & matters of jurisdiction. |
| *Supporting facts*: | Which the laying down of the lawyer who hade know degree in law. The judg[]ments by District Attorney who also did not have a degree in his files. Then ar[r]esting officers who did not have degree. So there for they're not legally at right. My gun license & the fact my warrant give a fake location. The location is not real so there for the case been & is a lie. |

[Doc. 1.] As stated, on September 9, 2013, Respondent filed a motion to strike portions of the Petition and a motion for summary judgment. [Docs. 15, 16.] On October 30, 2013, Petitioner filed a response in opposition. [Doc. 25.] Accordingly, Respondent's motion is ripe for review.

**APPLICABLE LAW**

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

8

> (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

*Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's

9

determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

> (B)  (I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C.

Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[7] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he

---

[7] In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and

actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96.  A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel.  *Id.* at 487–89; *Reed*, 468 U.S. at 16.  Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default.  *Carrier*, 477 U.S. at 492.  To show actual prejudice, the petitioner must demonstrate more than plain error.  *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, --- U.S. ---, ---, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

## **DISCUSSION**

Respondent argues the Petition is time barred. [Doc. 14.] Upon review, the Court agrees that the Petition is untimely and Petitioner is not entitled to equitable tolling.

16

**Expiration of Limitations Period**

Petitioner did not seek a direct appeal; however, he was afforded a belated review of his direct appeal issues. Therefore, his conviction became final, for purposes of the statute of limitations, at the end of the ninety-day period he had to seek certiorari review from the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) ("We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal."). The opinion from the belated review was filed on October 27, 2006.[8] Accordingly, the time for Petitioner to seek certiorari expired on January 25, 2007, his conviction became final for purposes of calculating the statute of limitations on that date, and the one-year period commenced on that date. Petitioner filed this Petition on July 5, 2013, such that 2,353 days elapsed before Petitioner filed his federal habeas petition. Accordingly, the one-year period in which to file a federal habeas petition had already expired when Petitioner filed his Petition, and the Petition is time barred.

**Equitable Tolling**

In his Petition and response in opposition to the motion for summary judgment, Petitioner has failed to specifically address why his Petition was filed over five years after

---

[8] The time to seek certiorari runs from the date of the decision rather than the date of the remittitur. See U.S. Sup. Ct. Rule 13.3.

the time expired for Petitioner to file a federal habeas petition. Instead, much of Petitioner's statement regarding timeliness of the Petition is nonsensical [Doc. 1 at 16] and his response in opposition fails to address timeliness and includes nonsensical and/or delusional statements [Doc. 25 (response in opposition, alleging Petitioner has been kidnapped by illegal immigrants from Panama)]. For the reasons explained below, Petitioner is not entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L. Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted). The Fourth Circuit has underscored the very limited circumstances in cases subject to the AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[9]  The Supreme Court has suggested that equitable tolling is justified to relieve the operation of a limitations bar due to egregious unprofessional attorney misconduct, such as abandoning the client; a last minute change in representation beyond the client's control; failing to conduct essential services of representation like communicating with the client and performing basic legal research; and denying the client access to files and misleading the client. *Holland*, 130 S. Ct. at 2564 (citations omitted).  Further, as previously stated, the Supreme Court has held that, in addition to demonstrating extraordinary circumstances prevented the petitioner from timely filing, the petitioner must demonstrate he has been diligently pursuing his rights. *Id.* at 2562.

---

[9]Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly. *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

Here, Petitioner has failed to demonstrate that extraordinary circumstances beyond his control prevented him from filing his Petition within the statute of limitations. In fact, Petitioner has failed to even explain why he waited over five years to file his Petition. Therefore, the Court determines the Petition should be dismissed as time barred.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED. Because the Petition is time barred and should be dismissed in its entirety, the Court further recommends that Respondent's motion to strike portions of the Petition be FOUND AS MOOT.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

April 9, 2014
Greenville, South Carolina