UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamel Demorcy, ) | C/A No. 8:13-1867-JFA-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Warden, Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The *pro se* petitioner, Jamel Demorcy, is an inmate at the Perry Correctional Institution. He brings this action under 28 U.S.C. § 2254 challenging his 2002 convictions for assault and battery with intent to kill and possession of a pistol.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the petition is untimely and barred by the statute of limitations. The respondents filed a motion for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on April 9, 2014. The petitioner has filed objections (ECF 31) to the Report wherein he requests that the court get copies of his documents and transcripts from the county courts regarding his PCR hearing. He does not address the Magistrate Judge's conclusion that the petition is time-barred. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge opines that this petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Additionally, the Magistrate Judge finds that the petitioner is not entitled to equitable tolling and that much of the petitioner's statement regarding timeliness of the petition is nonsensical.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Thus, the Report is adopted and incorporated herein by reference. Accordingly, the § 2254 petition is denied and the respondent's motions for summary judgment (ECF No. 16) and to strike (ECF No. 15) are granted.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 23, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).